RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GABRIELLA TEJADA,

                Plaintiff,

                -against-

ALPINE BUILDING SOLUTIONS, Inc., BRIAN J.
GAVIN, as an individual, and PRISCILLA ALVARADO,
as an individual

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Plaintiff GABRIELLA TEJADA ("plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, ALPINE BUILDING SOLUTIONS, Inc., BRIAN J. GAVIN, as an individual, and PRISCILLA ALVARADO, an individual, jointly and severally (collectively referred herein as "defendants") allege:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages, overtime pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff, who was employed by defendants.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to pay minimum wage and/or overtime pay and by failing to play plaintiff for all hours worked.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because defendant ALPINE BUILDING SOLUTIONS, Inc. is located in the Eastern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed plaintiff commercial cleaner.

8. The duties of a commercial cleaner are to mop, sweep, vacuum, empty garbage, and clean commercial areas for clients of ALPINE BUILDING SOLUTIONS, Inc.

9. Defendants paid plaintiff $10.50 per hour for all hours worked. Defendants did not pay plaintiff overtime pay at the rate of time and one half of the

regular hourly pay for hours worked in excess of 40 hours per week.

10. Plaintiff, GABRIELLA TEJADA, resides in Suffolk County, NY. She was employed by defendants as a Commercial Cleaner from March 2013 through December 21, 2016.

11. During this time, she worked Monday to Friday from 9:00am to 6:00pm, nearly every week, and occasionally worked on Saturdays from 7:30am to 11:30am.

12. Plaintiff was not permitted an uninterrupted half hour for required meal breaks.

13. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

**Defendants**

14. Defendant ALPINE BUILDING SOLUTIONS, Inc. is a New York corporation with its principal executive office located at 25 Central Avenue, Farmingdale, NY in the Eastern District of New York.

15. Defendant ALPINE BUILDING SOLUTIONS, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including eyeglasses, eyeglass cases, pedometers, rulers, pens, and paper ; and (2) an annual gross volume of sales in excess of $500,000.

16. ALPINE BUILDING SOLUTIONS, Inc. is a covered employer within the

meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

17. At all relevant times, ALPINE BUILDING SOLUTIONS, Inc. has maintained control, oversight, and direction over plaintiff.

18. Defendant BRIAN J. GAVIN is an owner and/or officer of ALPINE BUILDING SOLUTIONS, Inc. He exercises sufficient control over ALPINE BUILDING SOLUTIONS, Inc.'s operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at ALPINE BUILDING SOLUTIONS, Inc.

19. Defendant PRISCILLA ALVARADO is an owner and/or officer of ALPINE BUILDING SOLUTIONS, Inc. She exercises sufficient control over ALPINE BUILDING SOLUTIONS, Inc.'s operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at ALPINE BUILDING SOLUTIONS, Inc.

20. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

**DEFENDANTS' FAILURE TO PAY MINIMUM WAGE AND OVERTIME PAY**

21. Defendants suffered or permitted plaintiff to work over 40 hours per

week. During regular workweeks, Defendants did not compensate plaintiff for premium pay at time and one-half the full minimum wage rate for the overtime hours they worked.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

22. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

23. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

24. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

25. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Overtime)

26. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

27. At all times relevant, plaintiff was an employee within the meaning of 29 U.S.C. §§ 201 *et seq.*

28. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

29. Defendants have failed to pay plaintiff premium overtime wages to which she is entitled under the FLSA for all hours worked beyond 40 hours per workweek.

30. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

31. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

32. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(New York Labor Law – Unpaid Overtime)**

33. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

34. Defendants have engaged in a widespread pattern, policy, and practice of

violating the NYLL, as detailed in this Complaint.

35. At all times relevant, plaintiff has been an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

36. Defendants have failed to pay plaintiff the premium overtime wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

37. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

38. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
(New York Labor Law – Failure to Provide Wage Notices)

39. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

40. Defendants have willfully failed to supply plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

- 7 -

hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

41. Through their knowing or intentional failure to provide plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

42. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### THIRD CAUSE OF ACTION
### (New York Labor Law – Failure to Provide Wage Notices)

43. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

44. Plaintiff reported her time by phoning her weekly hours into defendants.

45. Defendants routinely shaved hours from plaintiff and refused to compensate her for all hours worked.

46. Due to defendants' time shaving, plaintiff is entitled to recover from defendants damages for unpaid hours, along with reasonable counsel fees, costs, and disbursements, and liquidated damages, under the New York Labor Law.

## DEMAND FOR JURY TRIAL

47. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage, overtime pay provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevent Act;

d. declaring that defendants' violations of the FLSA were willful;

e. declaring that defendants' violations of the NYLL were willful;

f. awarding plaintiff damages for all unpaid wages;

g. awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

h. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

i. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650

*et seq.*, and the supporting New York State Department of Labor Regulations;

  j. awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

  k. granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  l. awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

  m. awarding such other and further relief as the Court deems just and proper.

Dated: Mineola, NY
   March 17, 2017

            RAYMOND NARDO, P.C.
            By: _____
            Raymond Nardo, Esq.
            129 Third St
            Mineola, NY 11501
            (516) 248-2121
            raymondnardo@gmail.com
            *Counsel for Plaintiff*